J-A04025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| N.S.R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| R.E.R | : | No. 1374 MDA 2017 |

Appeal from the Order Entered August 18, 2017
In the Court of Common Pleas of Snyder County Domestic Relations at
No(s): 2017-00045

BEFORE: STABILE, J., NICHOLS, J., and RANSOM, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 11, 2018**

Appellant N.S.R. appeals from the child support order entered following a *de novo* hearing. Appellant argues that the trial court should have assessed her earning capacity at the minimum wage over a thirty-hour work week. We affirm.

On April 21, 2017, Appellant filed a complaint for spousal support and child support against Appellee R.E.R. A support conference was held on May 24, 2017, at which time Appellant was not employed. At the conference, the hearing officer assigned Appellant an earning capacity of $16 per hour based upon her prior employment as a certified medical coder. The trial court entered an interim support order for the parties' three minor children, using Appellee's actual earnings and Appellant's $16-per-hour earning capacity.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant filed a timely appeal of the interim order to the Court of Common Pleas, and the trial court conducted a *de novo* hearing on August 18, 2017. The only item at issue was Appellant's earning capacity. Appellant testified that she was fifty-five years old and had a bachelor's degree in elementary education, a master's degree in reading education, and a certificate as a professional medical coder. Most recently, Appellant worked as a coder from 2008 to 2010 for UPMC and earned approximately $16 per hour.

Appellant testified that after she gave birth to the couple's triplets (the children) in 2010, she did not work because of the cost of childcare. She stated that she and Appellee agreed that she would stay at home in part because of the cost of daycare. N.T., 8/18/17, at 8. Appellant has been a stay-at-home mother for the entirety of the children's lives. At the time of the *de novo* hearing, the children were about to start second grade. For these reasons, Appellant requested that she be imputed an earning capacity of minimum wage for a full-time work week. N.T., 8/18/17, at 31. Appellee countered that he did not recall agreeing that Appellant would remain at home after the first four to five years of the children's lives. ***Id.*** at 27.

The trial court determined that Appellant's earning capacity was $16 per hour over a forty-hour work week. The court used Appellant's most recent employment information to establish her earning capacity. Of relevance to this appeal, the court found that it would be inappropriate to assess

Appellant's earning capacity at the minimum wage given her education and certification as a medical coder and that Appellant's efforts to obtain employment were "half-hearted." Trial Ct. Op., 9/22/17, at 2.

Appellant filed a timely notice of appeal and court-ordered statement of errors complained of on appeal.[1] The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a). Appellant raises the following issue for our review:

> Whether the trial court abused its discretion in holding Appellant to an earning capacity of $16.00 per hour for a job she held seven (7) years ago and prior to the parties' agreement that Appellant would remain in the home to care for the parties' minor children?

Appellant's Brief at 1-2.

Appellant claims that she "should be held to a minimum wage earning capacity at thirty (30) hours per week or less." Appellant's Brief at 5. In support, Appellant asserts that there was at least a tacit agreement between her and Appellee that she would remain a stay-at-home mother. Appellant also argues that the record reflects she was "far from dilatory in her search for employment following the parties' separation." *Id.* at 3. Appellant

---

[1] Because this matter has been designated as a Children's Fast Track case, Appellant was required to file her concise statement of errors complained of on appeal with her notice of appeal under Pa.R.A.P. 1925(a)(2)(i). However, since Appellee does not assert prejudice from Appellant's failure to do so, and Appellant complied with the trial court's order to file a concise statement by a certain date, we do not find her issue raised on appeal to be waived. *See In re K.T.E.L.*, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that a failure to file a Rule 1925(a)(2) statement contemporaneous with the notice of appeal will not automatically result in quashal or dismissal).

contends that "it is manifestly unreasonable for the trial court to expect that she could work (40) hours per week" because the children's school schedule and transportation difficulties prevent her from working a full-time schedule. *Id.* at 4. Appellant also cites to *Novinger v. Smith*, 880 A.2d 1255, 1256 (Pa. Super. 2005), for the proposition that the court erred in failing to consider the circumstances surrounding her employment status immediately before she filed her petition for support.

> Our standard of review of an appeal from a child support order follows:
>
> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Samii v. Samii*, 847 A.2d 691, 694 (Pa. Super. 2004) (citations and quotation marks omitted). "[A] reviewing court does not weigh the evidence or determine credibility as these are functions of the trial court." *Doherty v. Doherty*, 859 A.2d 811, 812 (Pa. Super. 2004)

"[T]he determination of a parent's ability to provide child support is based upon the parent's earning capacity rather than the parent's actual earnings." *Samii*, 847 A.2d at 696 (citation omitted). "A party's age, education, training, health, work experience, earnings history and child care

- 4 -

responsibilities are factors which shall be considered in determining earning capacity." *Laws v. Laws*, 758 A.2d 1226, 1229 (Pa. Super. 2000) (citing Pa.R.C.P. 1910.16-2).

In *Novinger*, which was cited by Appellant, the father had been employed as a carpenter for most of his life and earned $25,000 annually, "except for one year, from 1999 to 2000, when he worked as a welder earning $40,000." *Novinger*, 880 A.2d at 1256. In 2004, the father filed a petition to modify an existing child support order. *Id.* The trial court assessed the father an earning capacity of $40,000, based on the welder job he had five years prior—a job for which apparently he "was unqualified and had no formal training." *Id.* at 1256-57.

This Court held the trial court in *Novinger* erred because "the primary focus should be on the circumstances surrounding [the father's] employment status immediately before he filed the petition for modification." *Novinger*, 880 A.2d at 1256. In other words, the trial court erred by considering the father's earning capacity for a job he had held four years prior and for which he was unqualified. *Id.* at 1256-57. Rather, this Court held, the trial court should have imputed the father a "realistic earning capacity based on his present qualifications and circumstances." *Id.* at 1257.

Here, the court noted that

[Appellee] testified concerning his recollection of the discussions about [Appellant] not working because of the cost of childcare and the building of a relationship between mother and children. His

recollection differed from [Appellee]. He did not recall that he agreed that [Appellant] could remain at home for seven years.

The court finds [Appellee's] testimony on this point as credible. The children began their third year of all day school shortly after the *de novo* hearing. [Appellant] did not offer any satisfactory explanation for her failure to pursue employment after the children started Kindergarten. In addition, [Appellant] testified that she did not pursue employment until April of this year after the parties separated. This court views [Appellant's] efforts to obtain employment as half-hearted at best.

This court found that [Appellant's] failure to pursue employment, even for an extended period of time when [Appellee] was unemployed and her weak efforts to obtain employment after the parties separated earlier [in 2017 was] a willful failure to obtain employment. This court then used [Appellant's] most recent employment information to establish her earning capacity.

[Appellant] argued that she should have a minimum wage earning capacity. This court did not find that appropriate given her advanced college education; her certification as a medical coder; and her weak efforts to obtain any employment which only began after the parties separated.

Trial Ct. Op., 9/22/17, at 2. The record reveals that sufficient evidence was adduced to support the trial court's findings of fact and credibility determinations regarding the lack of an agreement between the parties and Appellant's half-hearted efforts to obtain employment commensurate with her earning capacity. *See Doherty*, 859 A.2d at 812; *Samii*, 847 A.2d at 694.

Moreover, a review of the record reveals that Appellant waived her argument regarding the thirty-hour work week based on transportation difficulties because, at the *de novo* hearing, she had requested a full-time work week. *See* N.T., 8/18/17, at 31; *see also* Pa.R.A.P. 302.

Lastly, we conclude that Appellant's reliance on **Novinger** is misplaced. Unlike the unqualified parent in **Novinger**, who held a job as a welder without any training, Appellant has a certificate qualifying her as a professional medical coder and worked as a coder for two years. **Cf. Novinger**, 880 A.2d at 1256-57. Although Appellant last worked as a coder seven years prior, we agree with the trial court that, unlike the father in **Novinger**, she demonstrated a potential earning capacity of $16 per hour, based on her earnings history. **Cf. id.**

In sum, we conclude that the trial court took into consideration the necessary factors and appropriately exercised its discretion in determining Appellant's earning capacity. **See Samii**, 847 A.2d at 694; **Laws**, 758 A.2d at 1229.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/11/2018

- 7 -